**IT IS ORDERED as set forth below:**

**Date: April 6, 2022**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| SHAHIDAH HELEN CRUDUP, | : | BANKRUPTCY CASE |
|     Debtor. | : | 21-58816-LRC |
| _____ | : | |
| | : | |
| | : | |
| SHAHIDAH HELEN CRUDUP, | : | ADVERSARY PROCEEDING |
|     Plaintiff, | : | NO. 22-05001-LRC |
| | : | |
|     v. | : | |
| | : | |
| ED FINANCIAL/GRANITE STATE and | : | |
| NAVIENT, | : | IN PROCEEDINGS UNDER |
|     Defendants. | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |

## <u>ORDER</u>

Before the Court is a _Motion to Dismiss "Navient" as a Defendant in this Adversary_

2

*Proceeding* (Doc. 11) (the "Motion") filed by Navient Solutions, LLC ("Navient").  The Motion arises in connection with Plaintiff's complaint (the "Complaint," Doc. 1) to determine the dischargeability of a student loan debt (the "Debt").  In the Motion, Navient seeks to be dismissed from this matter, claiming that it has no interest in the Debt.  As Plaintiff has failed to respond to the Motion, the Motion is deemed unopposed.  BLR 7007-1(c).

It appears that Navient is not a proper defendant in this proceeding.  Education Credit Management Corporation ("ECMC") moved to intervene (the "Motion to Intervene," Doc. 5) noting its interest in the Debt, and the Court granted the Motion to Intervene (Doc. 7).  In its answer to the Complaint (the "Answer," Doc. 6), Navient claims it has no authority to litigate the discharge of the Debt.  Instead, in both its Answer and Motion, Navient contends that ECMC, as guarantor of the Debt, is the proper defendant in this matter.  At Exhibit A of the Motion, Navient provides the Court with the affidavit of a Senior Litigation Analyst in Navient's Bankruptcy Litigation Unit that supports Navient's contention that it holds no interest in the Debt (the "Affidavit").

Federal Rule of Civil Procedure 21, made applicable here by Federal Rule of Bankruptcy Procedure 7021, provides in part, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; *see also In re Grabis*, 2018 WL 1508754, at *5 (Bankr. S.D.N.Y. Mar. 26, 2018) (dismissing defendant because it did not have an interest in the debt plaintiff sought to discharge and, therefore, was "not a proper party to that claim for relief").  "In assessing the merits of [Navient's] request for relief under Rule 21, this Court can consider" the Affidavit.  *Id*. (citing *Cohn v. KeySpan Corp*., 713 F. Supp. 2d 143, 153

2

(S.D.N.Y. 2010)).  Having considered the Affidavit, the Court finds that Plaintiff does not owe the Debt to Navient, and therefore, Navient should be dismissed. Therefore,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and Navient is dismissed as a defendant in this proceeding.

## END OF DOCUMENT

## <u>Distribution List</u>

**Shahidah Helen Crudup**
8951 Stonebridge Blvd
Douglasville, GA 30134

**Ed Financial/Granite State**
Po Box 3420
Concord, NH 03302

**Navient**
Po Box 9500
Wilkes Barre, PA 18773

**Howell A. Hall, I**
LOGS Legal Group LLP
Suite 300
211 Perimeter Center Parkway
Atlanta, GA 30346

**Educational Credit Management Corporation**
c/o Thomas W. Joyce
Jones Cork, LLP
PO Box 6487
Macon, GA 31208-6437

**Samuel C. Joyce**
Jones Cork, LLP
435 Second Street
PO BOX 6437
Suite 500
Macon, GA 31208